```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

MARLIATA BAH,                    )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )      No. 13-2990-SHM-dkv
                                 )
PHILIPS LIGHTING,                )
                                 )
    Defendant.                   )
_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
_____

On December 17, 2013, the plaintiff, Marliata Bah ("Bah"), filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, (*Pro se* Compl., D.E. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On December 19, 2013, the court issued an order granting Bah leave to proceed *in forma pauperis*. (D.E. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

Now before the court is the February 10, 2014 motion to dismiss of the defendant, Philips Electronics North America Corporation[1] ("Philips"). (Def.'s Mot. to Dismiss, D.E. 11.)

---

[1] Although the defendant, Philips Electronics North America Corporation, is incorrectly referred to in the plaintiff's complaint as "Philips Lightning," the court will assume that Bah intended to file suit against the correct

Bah has not responded to the motion to dismiss, and the time for response has expired. For the reasons that follow, it is recommended that Bah's complaint be dismissed for failure to state a claim upon which relief can be granted.

I. PROPOSED FINDINGS OF FACT

On December 17, 2013, Bah filed a Title VII complaint against her employer, Philips, for religious discrimination. (*Pro se* Compl., D.E. 1 ¶ 9.) Prior to filing the current action, Bah submitted a discrimination charge on the basis of national origin to the Equal Employment Opportunity Commission ("EEOC") on September 17, 2012. (Def.'s Mem. in Support of Mot., Ex. 1, D.E. 13.) In her EEOC charge, Bah stated, "I believe that I was discriminated against, subjected to unequal terms and conditions of employment by required [sic] to pick orders on the Grainger area and discharged because of my National Origin (African)." (*Id.*)

To initiate the present action, Bah filled out and filed a court-supplied complaint form entitled, "Complaint Under Title VII of the Civil Rights Act of 1964." In the complaint, Bah alleges that Philips discriminated against her on the basis of religion by terminating her employment. (*Pro Se* Compl., D.E. 1 ¶ 9.) She lists August 16, 2012, as the date of the alleged discrimination. (*Id.* ¶ 5.) In the space provided on the form

---

party. For purposes of this motion, however, the court will continue to refer to the defendant as "Philips Lighting."

for stating the circumstances under which the alleged discrimination occurred, Bah handwrote: "wrongful termination, defamation of character, hostile work environment, and being bullied by management."[2] (*Id.* ¶ 10.) Also attached to the complaint was an affidavit submitted by Markus Bernard ("Bernard"), Bah's coworker, in support of her religious discrimination claim. (Bernard Aff., D.E. 1-2.)

The portion of the affidavit relating to Bah's allegations are stated as follows:

> Marliatu did the work of a lead person since the discharger [sic] of the last lead person. Marliatu actually has been doing the job of a lead person for years, but never received the credit of a lead as she deserved. . . . Marliatu was the only woman that was asked to pick Grainger orders since I have been working in Phillips [sic]. Nevertheless, she always was doing whatever they asked her to do. On the 16th of August 2012, Marliatu was fasting due to her religion (Muslim), the month of Ramadan. Management knew that Marliatu had been fasting and they also knew that Marliatu had been fasting for years. On this particular day, Marliatu was asked to pick order by the lead, and she did and came back to ask for more work, which she did, and it was told to her that she has [sic] to help (Brian) to pick Grainger orders. At that time, Marliatu had a big LTL order that she was still working on. Marliatu did speak with the supervisor on the phone, and after that conversation she was very upset. I told Marliatu to calm down and not let this get to her. Marliatu took a seven minute break, and came back to the floor. I didn't know what was going on, but after that Marliatu was no longer with the company. It was said that Marliatu made a statement that she would cause bloody harm to the Supervisor Rolida which was told by Kim Coleman. Kim told management that I was present when Marliatu made

---

[2] For purposes of this response, the court assumes that Bah intended to allege independent causes of action for each of the allegations contained in her complaint.

> the statement which was not true, I never heard Marliatu said any of this or came [sic] out of her mouth. There was no proper investigation done about this matter, and it was not handled correctly.

(*Id.*)

There were no additional facts present in Bah's complaint to support her allegations against Philips. On February 10, 2014, Philips filed the present motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Bah's complaint for failure to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss, D.E. 11.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard for Dismissal Under Rule 12(b)(6)</u>

To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.

4

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required to plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id*. at 513.

5

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."(internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. <u>Bah's Religious Discrimination Claim</u>

1. Failure to Exhaust Administrative Remedies

Title VII requires that a plaintiff exhaust his administrative remedies prior to bringing suit in federal court by filing a charge of discrimination with the EEOC within three hundred days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see also Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006).[3] The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)); *see also Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of

---

[3] The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006)(citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).

the charge of discrimination"), *partially abrogated by R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011). Title VII further provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1).

Dismissal is warranted for failure to exhaust administrative remedies. Bah's complaint alleges discrimination and termination on the basis of religion. (*Pro se* Compl., D.E. 1 ¶ 9.) In contrast, her 2012 EEOC charge explicitly alleges discrimination on the basis of national origin and makes no mention of religion. (Def.'s Mem. in Support of Mot., Ex. 1, D.E. 13.) Thus, Bah has not satisfied the Title VII requirement that she must exhaust administrative remedies prior to instituting a lawsuit by filing a charge of discrimination with the EEOC within three hundred days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1). Bah's deadline to file an EEOC charge alleging religious discrimination was June 12, 2013. The present cause of action for religious discrimination is therefore time-barred under the applicable

statute of limitations and should be dismissed for failure to exhaust administrative remedies.

2. Failure to State a Claim

To establish a *prima facie* claim for religious discrimination based upon an employer's failure to reasonably accommodate religious beliefs under Title VII, the Sixth Circuit requires a plaintiff to show that "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007) (quoting *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1084 (6th Cir. 1987)). Title VII prohibits an employer from failing to hire, discharging, or otherwise discriminating against an employee with respect to various aspects of his employment such as compensation, terms, conditions, or privileges of employment because of the employee's religion. 42 U.S.C. § 2000e-2(a). Additionally, Title VII prohibits employers from limiting, segregating, or classifying employees "in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . religion." *Id.* Religion is defined to

include "all aspects of religious observance and practice, as well as belief."  42 U.S.C. § 2000e(j).

In her complaint, Bah claims that she was terminated based upon religion.  (*Pro se* Compl., D.E. 1 ¶ 9.)  In order to show that Bah's termination was based upon her religion, she must provide factual support that demonstrates that "'it was the *religious* aspect of her [conduct] that motivated her employer's actions.'"  *Pedreira v. Ky. Baptist Homes for Children*, 579 F.3d 722, 728 (6th Cir. 2009) (quoting *Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 627 (6th Cir. 2000)).  However, the only facts present that relate to religion are Bernard's statements that "Marliatu was fasting due to her religion (Muslim)" and management "knew that Marliatu had been fasting for years."  (Bernard Aff., D.E. 1-2.)  These statements alone do not suggest that Bah was subjected to discrimination based upon her religious practices.  Without additional factual support, the complaint on its face is not sufficient for the court to plausibly infer the essential elements of a religious discrimination claim or to withstand 12(b)(6) dismissal.  Accordingly, it is recommended that Bah's Title VII claim of discrimination on the basis of religion be dismissed for failure to state a claim upon which relief can be granted.

C. <u>Bah's Hostile Work Environment Claim</u>

    1.    Failure to State a Claim

A hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice." *See* 42 U.S.C. § 2000e-2(e)(1). To prove a *prima facie* case for a hostile work environment claim, the plaintiff must establish the following five elements: (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on his race or religion; (4) the harassment created a hostile work environment; and (5) the existence of employer liability. *See Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999); *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999). A hostile work environment plaintiff must show that the environment "was objectively hostile, and also that [he] subjectively perceived it to be hostile." *Williams*, 187 F.3d at 564 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

A hostile work environment arises only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris,* 510 U.S. at 21 (internal quotation marks omitted & citations omitted); *see also Burlington Indus. v. Ellerth*, 524 U.S. 742, 754 (1998) (reaffirming the "severe and pervasive" test); *Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998) (same). In determining whether

harassment is sufficiently severe and pervasive, a court must consider the "totality of the circumstances." *Williams*, 187 F.3d at 562.

In her complaint, Bah fails to provide a sufficient factual basis to support her claim of a hostile work environment. The only relevant facts appear in Bernard's affidavit, and those statements are mere vague, conclusory statements and do not set forth any hostile or discriminatory acts. (D.E. 1-2.) Thus, the complaint and affidavit alone do not establish to what unlawful basis Bah was subjected and are not sufficient to support a plausible claim for a hostile work environment.

2. Failure to Exhaust Administrative Remedies

Furthermore, Bah fails to exhaust her administrative remedies. Her sole EEOC charge only alleges discrimination based on national origin and makes no mention of a hostile work environment. (Def.'s Mem. in Support of Mot., Ex. 1, D.E. 13.) The only relevant allegations contained in the charge are that she "was the only female ever order [sic] to pick products in the Grainger area." (*Id.*) Discrete acts of this sort cited in an EEOC charge do not establish a sufficient basis for an uncharged claim of a hostile work environment unless the alleged hostility can be "reasonably inferred" from the charge. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The statements contained in the charge demonstrate no

such basis for allegations of a hostile work environment. Thus, the claim cannot be inferred from her EEOC charge, and Bah failed to exhaust her administrative remedies. For these reasons, Bah's claim of a hostile work environment should be dismissed under 12(b)(6) for failure to state a claim upon which relief can be granted.

D. Bah's Wrongful Termination Claim[4]

In order to establish a *prima facie* case of wrongful termination, Bah must demonstrate:

> (1) that an employment-at-will relationship existed; (2) that the employee was discharged; (3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy.

*Crews v. Buckman Labs. Int'l*, 78 S.W.3d 852, 862 (Tenn. 2002). In her complaint, Bah merely concludes that she was terminated. (*Pro se* Compl., D.E. 1 ¶ 9.) She does not plead any facts sufficient upon which to make it plausible that she was terminated in violation of a statutory or regulatory procedure, or for exercising a protected right. Thus, the complaint fails to provide factual support for a plausible claim of wrongful

---

[4] For purposes of this motion, the court assumes that Bah intended to assert a claim for common law retaliatory discharge.

termination.  Thus, Bah fails to state a claim upon which relief can be granted.

In addition, this claim is untimely.  Under Tennessee law, a wrongful termination claim must be filed within one year of the plaintiff being terminated.  Tenn. Code Ann. § 28-3-104(a)(1).  Thus, the deadline for Bah to bring a wrongful termination claim was August 16, 2013.  Bah filed the present case on December 17, 2013, thereby making her claim untimely under the applicable statute of limitations.

For these reasons, Bah's wrongful termination claim should be dismissed under Rule 12(b)(6).  Because this claim is time-barred and fails to state a valid cause of action, there is no need to address whether it would be preempted by Title VII.

E.  Bah's Defamation of Character Claim

To set forth a *prima facie* case of defamation in Tennessee, a plaintiff must demonstrate that: "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the trust of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).  Under Tennessee law, "'publication' is a term of art meaning the communication of defamatory matter to a third person." *Id.* (quoting *Quality*

*Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994)).

Bah's complaint fails to provide sufficient evidence to support a plausible *prima facie* defamation of character claim. The complaint simply states "defamation of character," but does not set forth any facts concerning defamatory statements. (*Pro Se* Compl., D.E. 1 ¶ 10.) The only factual statement contained within Bah's complaint that might be relevant to a defamation claim appears in Bernard's affidavit. In the affidavit, Bernard wrote:

> It was said that Marliatu made a statement that she would cause bloody harm to the Supervisor Rolida which was told by Kim Coleman. Kim told management that I was present when Marliatu made the statement which was not true, I never heard Marliatu said any of this or came out of her mouth.

(D.E. 1-2.) However, this factual allegation is insufficient from which to infer that Philips, as Bah's employer, was responsible for knowingly, recklessly, or negligently "publishing" false defamatory statements about Bah. It is therefore recommended that this claim be dismissed.

F. <u>Bah's Bullying Claim</u>

There is no existing cause of action under either state or federal law for "being bullied." Thus, this allegation fails to present a valid cause of action and should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Bah's complaint be dismissed in full pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted this 18th day of April, 2014.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.